UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEROME RANDOLPH, | **DECISION AND ORDER** |
| Movant, | **Civil Case No. 6:18-cv-06226-MAT** |
| -vs- | **Criminal Case No. 6:16-cr-06116-FPG** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. Introduction

Proceeding *pro se*, Jerome Randolph ("Randolph" or "Movant") has filed a Motion to Vacate the Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), alleging that he is being detained in the custody of respondent, the United States of America ("the Government"), pursuant to an unconstitutionally imposed sentence. For the reasons discussed below, Movant's § 2255 Motion is denied.

## II. Factual Background and Procedural History

On December 7, 2016, Randolph appeared before the Court (Geraci, D.J.) and, pursuant to a written plea agreement with the Government, pleaded guilty to a violation of 21 U.S.C. § 846 (conspiracy to possess with

intent to distribute, and to distribute, one (1) kilogram or more of heroin). Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agreed that a sentence in the range of 188 to 235 months' imprisonment would be the appropriate disposition for Randolph's case. Pursuant to the terms of the plea agreement, Randolph agreed that under the United States Sentencing Guidelines ("USSG"), his base offense level was calculated to be 32, in light of a two-level increase for possession of a firearm under USSG § 2DI.1(b)(I), as well as a three-level increase under USSG § 3B1.I(b) for playing an aggravating role in the offense. Randolph further confirmed that he waived his appellate and collateral attack rights, provided that he received a sentence in the range contemplated by the plea agreement. When Randolph was asked directly by Judge Geraci if there was anything contained in the agreement that he did not understand or if there was anything he wanted to ask his attorney or the Court, he responded in the negative. Randolph then executed the plea agreement in open court.

Judge Geraci read the charge to Randolph, and Randolph entered his plea of guilty.

At the sentencing hearing on June 12, 2017, Judge Geraci noted that Randolph had previously sent a letter to the United States Probation Department objecting to the base offense level enhancement for possession of a weapon, but had not filed a formal objection. Randolph confirmed that, after further discussion with his attorney, he understood the two-level upward adjustment and was not objecting to it. Randolph further verified that he did not have any other objections to the Presentence Investigation Report ("PSR"). Judge Geraci Court then adopted the PSR. When Randolph addressed the Judge Geraci, he did not assert any objections to the increases to his base offense level or the resultant sentencing range of 188 to 235 months' imprisonment, but instead took full responsibility for his actions. After addressing the sentencing factors, and acknowledging Randolph's positive aspects, Judge Geraci imposed a sentence principally consisting of 195 months' imprisonment, which was within the range set forth in the

plea agreement. Judge Geraci advised Randolph of his right to appeal, and noted that because his sentence fell within the range contemplated in the plea agreement, he had waived the right to appeal or collaterally attack his sentence. Judge Geraci advised Randolph to consult with his attorney if he felt there were any issues for appeal. The judgment of conviction was filed June 16, 2017. Randolph did not file a notice of appeal.

On March 16, 2018, Randolph filed the present motion (Docket No. 82) pursuant to § 2255, arguing that his attorney provided ineffective assistance of counsel. The Government filed a response (Docket No. 86). Randolph filed a reply (Docket No. 91).

The § 2255 proceeding was transferred to the undersigned on October 2, 2018. For the reasons discussed below, relief under § 2255 is denied.

## III. Standard Under § 2255

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in

violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court may dismiss a § 2255 motion without a hearing if the motion and the record "conclusively show[,]" *id.*, that the movant is not entitled to relief. *E.g.*, *Chang v. United States*, 250 F.3d 79, 85-86 (2d Cir. 2001).

**IV. Discussion**

The Government argues that Randolph's ineffective assistance of trial counsel claims are meritles as well as barred from review under § 2255 due to the waiver of his appellate and collateral review rights in his plea agreement. As discussed below, the Court finds that it is foreclosed from reviewing Randolph's ineffective assistance claim due to the valid collateral rights waiver in his plea agreement. Therefore, the Court need

not address the Government's other arguments in favor of dismissal of the § 2255 Motion.

It is "now well established that a knowing and voluntary waiver of the right to appeal is generally enforceable." *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (*per curiam*) (citing *United States v. Garcia*, 166 F.3d 519, 521 (2d Cir. 1999) (*per curiam*); *United States v. Yemitan*, 70 F.3d 746, 747 (2d Cir. 1995)). However, the Second Circuit has recognized that "specifically in the context of claimed waivers of appellate rights . . . plea agreements are to be applied 'narrowly' and construed 'strictly against the Government.'" *United States v. Tang*, 214 F.3d 365, 368 (2d Cir. 2000) (quoting *United States v. Ready*, 82 F.3d 551, 556, 559 (2d Cir. 1996)); *accord Hernandez*, 242 F.3d at 113.

The relevant portion of the plea agreement between Randolph and the Government provides as follows:

> 20. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally

> attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment [i.e., 188 months and 235 months], a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.
>
> 21. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

Plea Agreement ¶¶ 20-21, attached as Exhibit 1 to Government's Response to § 2255 Motion. Here, the sentence actually imposed by Judge Geraci was 195 months' imprisonment, well within the sentencing range that Randolph had agreed he would *not* appeal or collaterally attack.

Where a defendant knowingly and voluntarily waives his appeal and § 2255 rights in a plea agreement and obtains the benefits of the plea agreement, the district court should enforce the § 2255 waiver provision and

dismiss the petition. *See Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001) (*per curiam*). The Second Circuit has "suggested [that a claim of ineffective assistance of counsel in entering the plea agreement] . . . might cast doubt on the validity of [a defendant's] waiver." *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998) (*per curiam*) (citing *United States v. Ready*, 82 F.3d 551, 555 (2d Cir. 1996) (in turn citing *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995), for proposition that a defendant cannot validly waive right to appeal where defendant claims that plea agreement was entered into with ineffective assistance of counsel)). Randolph contends that trial counsel provided him with erroneous advice by advising him not object to the two-point enhancement for possession of a firearm, and withdraw his letter to the Court. *See* Reply (Docket No. 91) at 6-9. According to Randolph, trial counsel was "instilling fear" rather than giving his professional opinion, and that if counsel had not coerced him into not objecting to the enhancement, he would not have pleaded guilty. *See id.* at 10.

Randolph's argument is belied by his statements, made under oath and in open court, at both the plea colloquy and at sentencing, that (1) he understood that a two-level upward adjustment to his base offense level for possession of a firearm was applicable; (2) he had sufficient time to read and comprehend the contents of the plea agreement and discuss it with his attorney; and (3) any confusion or potential objection he had regarding the two-level increase for possession of a firearm was resolved following further discussion with his attorney. Randolph's current allegations to the contrary appear to be merely "buyer's remorse" and are insufficient to overcome the "formidable barrier," *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977), erected by his prior sworn representations to the Court.

Randolph also argues that trial counsel should have requested the Court schedule a change of plea hearing and advise him to appear and enter an "open guilty plea" (i.e., plead guilty plea without an agreement in place) to the only charge in the indictment that allegedly applied to him, the violation of 21 U.S.C. § 841

(possession with intent to distribute, and distribution of, controlled substances). *See* § 2255 Motion at 7; Reply at 2-3. Randolph contends that an open plea would not have required him to waive his appellate and collateral attack rights. However, the Government never extended an "open plea" offer to Randolph. It is well settled that "there is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial." *Murph v. United States*, 12 F. Supp.3d 557, 572 (E.D.N.Y. 2014) (citing *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977); other citation omitted). Trial counsel cannot be deemed ineffective for failing to advise Randolph to accept an entirely hypothetical plea offer. *See*, *e.g.*, *Barnes v. United States*, No. 09 CR 1053 SAS, 2013 WL 3357925, at *7 (S.D.N.Y. July 2, 2013) ("With no plea offer ever made to Barnes, it would be entirely speculative to consider the terms, including the length of sentence, of a theoretical plea bargain. Moreover, counsel had no duty to inform petitioner of any plea offer when no such offer existed. The absence of a plea offer is fatal to the ineffective assistance of counsel

claims made in this regard."); *see also Murph*, 12 F. Supp.3d at 572 ("[T]he Supreme Court of the United States has made clear that there can be no ineffective assistance of counsel claim if, as here, there is no actual plea offer that, but for the attorney's deficient assistance, would, with reasonable probability, have been accepted by the [d]efendant.") (citing *Lafler v. Cooper*, 566 U.S. 156, 168 (2012) ("[I]f no plea offer is made, or a plea deal is accepted by the defendant but rejected by the judge, the issue raised here [of ineffective assistance of counsel] simply does not arise.")). Indeed, there is no indication that the Government would have been willing to make such an open plea offer.

Randolph has not demonstrated that he received ineffective assistance from his trial counsel in determining whether to enter a guilty plea. Therefore, the Court finds that there is no basis for voiding the waiver of appellate and collateral rights to which Randolph knowingly, voluntarily, and intelligently agreed when he elected to plead guilty. After reviewing the record, the Court concludes that the relevant factors

lead to one conclusion—that Randolph knowingly and voluntarily entered plea agreement, which contained an explicit provision waiving his right to appeal or file a collateral motion. Randolph signed the plea agreement, advised Judge Geraci that he had read and understood the agreement, did not appeal, and does not claim that he misunderstood the waiver in his motion to vacate. *See Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001) (*per curiam*).

The Second Circuit has made clear that "[i]n no circumstance, . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement." *United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993). Here, Randolph's sentence clearly conforms to the plea agreements terms. Therefore, the collateral attack waiver will be enforced. Randolph's § 2255 Motion accordingly is dismissed as procedurally barred. The Court finds that no evidentiary hearing is required because "the motion and the files and

records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255.

**V. Conclusion**

For the reasons discussed above, the Section 2255 Motion is denied. The Clerk of Court is directed to close civil case No. 6:18-cv-06226-MAT.

**SO ORDERED.**

S/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   November 21, 2018
         Rochester, New York.