UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Case # 16-CR-6116-FPG

v.

DECISION AND ORDER

JEROME RANDOLPH,

Defendant.

## INTRODUCTION

On May 22, 2020, Defendant Jerome Randolph, an inmate incarcerated at Fort Dix Federal Correctional Institution, filed a *pro se* Motion for Compassionate Release due to the COVID-19 pandemic.  ECF No. 102.   On May 26, 2020, the Court denied the motion without prejudice for failure to exhaust administrative remedies.  ECF No. 103.  On July 20, 2020, Defendant filed a renewed Motion for Compassionate Release.  ECF No. 109.   On September 2, 2020, the Court denied Defendant's motion.  ECF No. 116.  On December 10, 2020, Defendant filed a motion for reconsideration of the Court's September 2, 2020 order.  ECF No. 120.  For the reasons set forth below, Defendant's motion for reconsideration is DENIED.

## DISCUSSION

The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.  A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented before the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court.

*United States v. Sharif*, No. 3:13-cr-172 (SRU), 2020 U.S. Dist. LEXIS 205980, at *1 (D. Conn. Nov. 4, 2020) (internal citations and quotation marks omitted).

1

Here, Defendant does not present any change in controlling law, new evidence, or need to correct a clear error or prevent manifest injustice.  Instead, he asserts that prisoners from another institution, Elkton FCI, are being transported to Fort Dix and are increasing the positivity rate at Fort Dix.  ECF No. 120 at 5.  He also contends that the Bureau of Prisons ("BOP") is misreporting data regarding the positivity rate at Fort Dix.  ECF No. 120 at 5.  *Id.*

Defendant's assertion regarding the increase in cases at Fort Dix relies on facts that occurred after the Court adjudicated his original motion and therefore is not appropriately raised on a motion for reconsideration.

To the extent that Defendant's assertion could be deemed to present new evidence which could appropriately be raised on a motion for reconsideration, or that it could form the basis for a renewed motion for compassionate release based on changed circumstances, the Court nevertheless adheres to its denial.  *See, e.g.*, *United States v. Bolino*, No. 06-cr-806 (BMC), 2020 U.S. Dist. LEXIS 192917, at *3 (E.D.N.Y. Oct. 16, 2020) (noting increase in cases at prison facility after filing of motion for reconsideration, but finding that defendant had not presented any evidence that his medical condition had worsened or that he was at any more risk than when the motion was originally denied); *United States v. Madera*, No. 18-CR-6130L, 2020 U.S. Dist. LEXIS 214704, at *1 (W.D.N.Y. Nov. 17, 2020) (denying motion for reconsideration based on increase in cases at prison facility, and noting that defendant had not presented any new information on his own health condition).  Despite the increase in cases at Fort Dix, at 36 years of age, Defendant remains a younger individual with only minor underlying health conditions: he carries the sickle cell trait and has a history of pneumonia.  As the Court previously noted, the Centers for Disease Control and Prevention has only indicated that individuals with sickle cell *disease* are at risk of complications.  *See* Groups at Higher Risk for Severe Illness, CDC,

2

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited December 11, 2020).   The Court already weighed Defendant's age, health, and conditions of confinement against the sentencing factors of 18 U.S.C. § 3553(a) and determined that release was not warranted.   The increase of cases at Fort Dix, in light of Defendant's otherwise unchanged circumstances, does not warrant reconsideration or release.   *See generally United States v. Johnson*, No. 17 Cr. 212 (NRB), 2020 U.S. Dist. LEXIS 220504, at *3-4 (S.D.N.Y. Nov. 24, 2020) (denying reconsideration where defendant's pre-diabetes progressed to Type 2 diabetes, because the court had already considered defendant's health conditions and COVID-19 positivity rates at his prison facility, and the change in defendant's diabetes diagnoses failed to outweigh the 18 U.S.C. § 3553(a) sentencing factors); *see also generally United States v. Cajigas*, No. 08 CR 391(VM), 2020 U.S. Dist. LEXIS 211465, at *5 (S.D.N.Y. Nov. 11, 2020) ("The Court is unpersuaded by [defendant's] argument that potential inaccuracies in the available data entitle him to compassionate release.").

## CONCLUSION

Accordingly, Defendant's motion for reconsideration, ECF No. 120, is DENIED.

IT IS SO ORDERED.

Dated: December 14, 2020
     Rochester, New York

                                     _____
                                     HON. FRANK P. GERACI, JR.
                                     Chief Judge
                                     United States District Court